UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 26-8882 PA (Ex) | Date | August 25, 2026 |
| Title | Central Mutual Insurance Company v. Fluffco, LLC and Victoria Jacobsen | | |

| | |
|---|---|
| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |

| | |
|---|---|
| Kamilla Sali-Suleyman | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None | None |

**Proceedings:** IN CHAMBERS ORDER

On or about August 19, 2026, Emily Tripicchio of BatesCarey LLP, counsel for Plaintiff Central Mutual Insurance Company, attempted to obtain admission to appear in this action pro hac vice. The pro hac vice application identified Todd R. Haas of Hawkins Parnell & Young LLP as local counsel.

Applicants seeking to appear pro hac vice must designate local counsel. Specifically, Local Rule 83-2.1.3.4 provides:

> "Every attorney seeking to appear pro hac vice must designate as Local Counsel an attorney with whom the Court and opposing counsel may readily communicate regarding the conduct of the case and upon whom documents may be served. An attorney may be designated as Local Counsel only if he or she: (1) is a member of the Bar of this Court and (2) maintains an office within the District for the practice of law, in which the attorney is physically present on a regular basis to conduct business."

L.R. 83-2.1.3.4 (emphasis added).

Section II of the Central District's form Application to Appear Pro Hac Vice includes a certification, made under penalty of perjury by the attorney seeking to appear pro hac vice, that the attorney designated as local counsel "maintains an office in the Central District of California for the practice of law, in which the attorney is physically present on a regular basis to conduct business." Section III of the Application includes a corresponding declaration by designated local counsel that he maintains such an office and is physically present there on a regular basis to conduct business.

The initial application identified Haas as local counsel and listed his office address as 550 West Street, Suite 620, San Diego, California 92101, with a telephone number of 619-723-3232. The address of that office is not within the Central District of California.

On August 19, 2026, the Court denied the application because Haas had not signed the application and did not maintain an office within the Central District of California. Later that same day, Tripicchio submitted an amended application. T he amended application again identified Haas as local

counsel. Haas signed the application, but again listed his office address as 550 West Street, Suite 620, San Diego, California 92101, with a telephone number of 619-723-3232.

On August 20, 2026, Tripicchio submitted another amended application identifying Haas as local counsel. This application, for the first time, listed Haas's address as 445 S. Figueroa Street, Suite 3200, Los Angeles, California 90071, while continuing to list the telephone number 619-723-3232. Haas also submitted a declaration in support of the application. Haas's declaration stated that he maintains an office within the Central District of California for the practice of law in which he is physically present on a regular basis to conduct business. He further stated that he was present at the Los Angeles office on August 21, 2026, to handle hearings and a mediation and that he had handled several cases in the Central District of California and was familiar with the Local Rules, policies, and procedures relating to cases filed within the Central District of California. The Court denied that application on August 20, 2026.

The Court is reviewing the current application because the applicants' successive representations concerning the identity and location of local counsel were materially inconsistent and raise substantial concerns whether the representations made to the Court under penalty of perjury were complete and accurate. In particular, the original application and the August 19, 2026 amended application identified Haas's San Diego office as his office address. Neither application identified the Los Angeles office now asserted to be an office maintained by Haas within the Central District. Only after the Court denied the applications and specifically identified the requirement of Local Rule 83-2.1.3.4 did the August 20, 2026 application identify a Los Angeles address.

The Court therefore ORDERS Haas and Tripicchio TO SHOW CAUSE why the application for Tripicchio to appear pro hac vice should not be denied based upon the successive representations concerning the identity and location of local counsel and the circumstances under which the office address identified for Haas was changed.

Haas shall file a declaration under penalty of perjury addressing the following:

1. During the twelve months preceding the submission of the August 20, 2026 application, how many days per month, on average, was Haas physically present at 445 S. Figueroa Street, Suite 3200, and how many hours per week, on average, did he work from that location?

2. What legal work did Haas perform at 445 S. Figueroa Street, Suite 3200 during the twelve months preceding the August 20, 2026 application? Haas shall identify, to the extent applicable, the cases, clients, hearings, depositions, meetings, mediations, or other legal work he performed from that location.

3. Does Haas have a dedicated office or workspace at 445 S. Figueroa Street, Suite 3200? If so, Haas shall describe the office or workspace and state whether it is assigned to him on a permanent basis.

4. During the tweleve months preceding the submission of the August 20, 2026 application, how many days per month, on average, was Haas physically present at 550 West Street, Suite 620, San Diego, CA 92101, and how many hours per week, on average, did he work from that location?

5. What legal work did Haas perform at 550 West Street, Suite 620, San Diego, CA 92101, during the twelve months preceding the August 20, 2026 application? Haas shall identify, to the extent applicable, the cases, clients, hearings, depositions, meetings, mediations, or other legal work he performed from that location.

6. Does Haas have a dedicated office or workspace at 550 West Street, Suite 620, San Diego, CA? If so, Haas shall describe the office or workspace and state whether it is assigned to him on a permanent basis.

7. Is Haas listed by Hawkins Parnell & Young LLP as having an office at 445 S. Figueroa Street, Suite 3200? If so, Haas shall identify where and how he is so listed.

8. When did Hawkins Parnell & Young LLP first begin identifying Haas with the 445 S. Figueroa Street, Suite 3200 address?

9. Why did Haas identify his San Diego office, rather than the Los Angeles office, in the original pro hac vice application and again in the amended application submitted on August 19, 2026?

10. Who selected or determined that the 445 S. Figueroa Street, Suite 3200 address would be identified as Haas's office address in the August 20, 2026 application?

11. When did Haas and Tripicchio first discuss changing the office address identified in the pro hac vice application from the San Diego address to the Los Angeles address?

12. Did the Court's August 19, 2026 denial of the initial pro hac vice application, including the Court's identification of the requirement that local counsel maintain an office within the Central District of California, prompt or contribute to the decision to identify the Los Angeles address in the August 20, 2026 application? If so, Haas shall describe the circumstances.

Tripicchio shall separately file a declaration under penalty of perjury addressing the basis for her representations concerning Haas's status as local counsel. Her declaration shall specifically address:

1. The factual basis upon which she declared under penalty of perjury that Haas "maintains an office in the Central District of California for the practice of law, in which the attorney is physically present on a regular basis to conduct business, as local counsel pursuant to Local Rule 83-2.1.3.4."

2. Why the original application and the August 19, 2026 amended application identified Haas's San Diego office rather than the Los Angeles office identified in the August 20, 2026 application.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 26-8882 PA (Ex) | Date | August 25, 2026 |
| Title | Central Mutual Insurance Company v. Fluffco, LLC and Victoria Jacobsen | | |

3. When she first learned that Haas used 445 S. Figueroa Street, Suite 3200, Los Angeles, California 90071, as an office for the practice of law.

4. When and with whom she first discussed identifying the Los Angeles address in the pro hac vice application.

5. Whether the Court's August 19, 2026 denial of the initial application prompted or contributed to the decision to identify the Los Angeles address in the August 20, 2026 application.

6. Whether she and Haas had any discussions concerning the location of Haas's office after the Court denied the initial application and, if so, the substance and timing of those discussions.

7. Whether Haas has a residence within the Central District of California?

8. Whether Hass has a residence within the Southern District of California?

The Court does not at this time determine whether Haas satisfies the substantive requirements of Local Rule 83-2.1.3.4 or whether the representations made in the applications were intentionally misleading. The purpose of this Order is to provide Haas and Tripicchio an opportunity to establish the factual basis for the representations made to the Court and to show why, in light of the successive applications and the circumstances surrounding the change in the identified office address, the application should not be denied.

The declarations shall be filed no later than August 31, 2026. Failure to respond to this Order to Show Cause will result in denial of the pro hac vice application. All other pro hac vice application filed in this Court with Haas listed at local counsel with an office address at 445 S. Figueroa Street, Suite 3200, Los Angeles, California 90071 will be held in abeyance until this pending application is decided.

IT IS SO ORDERED.

: 

Initials of Preparer kss